UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUCIANO MOLINA RIOS,<br><br>            Petitioner,<br><br>   v.<br><br>STATE OF WASHINGTON,<br><br>            Respondent. | Case No. 3:22-cv-05931-JLR-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 10, 2023 |

Petitioner Luciano Molina Rios, proceeding *pro se*, has filed a petition for habeas corpus. Dkt. 4. The Court has reviewed the petition and finds petitioner's case is duplicative of a currently pending matter petitioner has previously filed. Accordingly, the Court recommends the petition (Dkt. 4) be denied and this case be dismissed without prejudice.

BACKGROUND

On April 13, 2022, petitioner filed a separate 28 U.S.C. § 2254 action challenging his conviction in Clark County Superior Court on the ground that the evidence used was unconstitutionally or illegally obtained. *Rios V. State of Washington*, No. 3:22-cv-05245 JHC-TLF ("*Rios I*"). The petition did not identify the cause number of petitioner's criminal matter, but the respondent's Answer identifies it as *State v. Rios*, Clark County Superior

REPORT AND RECOMMENDATION - 1

Court No. 15-1-02179-6. *Rios I*, Dkt. 11 at 1 (Respondent's Answer), Dkt. 12-1 at 2 (Ex. 1, Judgment and Sentence). *Rios I* has been fully briefed and is ripe for consideration, but the Court has not yet issued a Report and Recommendation regarding the disposition of the petition.

Petitioner filed his petition in this matter on November 29, 2022, alleging the trial judge in his case was biased—because the judge had also made a prior probable cause determination. Dkt. 1; Dkt. 4 at 16. As in *Rios I,* the petition in this matter challenges a conviction in Clark County Superior Court, but does not provide a cause number. Dkt. 4 at 1. However, a search of Washington State court dockets reveals only one criminal matter against petitioner in Clark County Superior Court—*State v. Rios*, No. 15-1-02179-6, which is the same matter that is at issue in *Rios I*.[1] Thus, petitioner has already filed a separate habeas petition challenging the same conviction.

## DISCUSSION

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit), *overruled on other grounds by Taylor v. Sturgell,* 553 U.S. 880, 904 (2008). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.* at 688. Thus, a district court may dismiss a habeas action that is clearly duplicative of a

---

[1] *See* https://odysseyportal.courts.wa.gov/ODYPORTAL/Home/WorkspaceMode?p=0.

REPORT AND RECOMMENDATION - 2

pending, earlier-filed habeas action. *See, e.g. Diaz v. Frauenheim*, No. 519cv01441PAGJS, 2020 WL 730849, at *3 (C.D. Cal. Feb. 12, 2020).

The Ninth Circuit has held that a later-filed habeas petition should generally be considered a motion to amend an earlier-filed pending habeas petition. *See Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008). Accordingly, consistent with *Woods*, the Court is concurrently issuing an order permitting petitioner to seek leave to file an amended petition in *Rios I*.[2] As petitioner is being provided an opportunity to seek to amend his petition and to bring all his claims in the *Rios I* matter, the Court has discretion to dismiss this matter as duplicative. Therefore, the undersigned recommends that this case be dismissed without prejudice.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

---

[2] The Court notes that the claim petitioner asserts in this matter appears to be without merit. *See Liteky v. United States*, 510 U.S. 540, 551 (1994) (judges cannot be deemed biased or prejudiced as a result of information they learned in earlier proceedings); *Golden v. Kirkegard*, No. CV 15-07-M-DLC, 2015 WL 417900, at *1 (D. Mont. Jan. 30, 2015) (claim that trial judge was biased because he previously ruled on probable cause was "frivolous" and "conclusively lacking in merit") (citing *Liteky*). If petitioner seeks to file an amended petition in *Rios I*, he must allege a claim upon which relief can be granted.

REPORT AND RECOMMENDATION - 3

1  omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is
2  directed to set the matter for consideration on **March 10, 2023**, as noted in the caption.
3        Dated this 21st day of February, 2023.

 

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge